IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Jane Nelson, Bruce Nelson and U.S. Bank National Association | ) ) ) | |
| Plaintiffs, | ) ) ) ) | **ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND EXPENSES** |
| vs. | ) ) | Case No. 4:06-cv-099 |
| The First National Bank and Trust Company of Williston, | ) ) ) | |
| Defendant. | ) | |

Before the Court is the Defendant's "Motion for Attorney's Fees and Expenses" filed on October 19, 2007. The Plaintiffs filed a response in opposition to the motion on November 9, 2007. The Defendant filed a reply on November 30, 2007. For the reasons set forth below, the Court denies the motion.

I.      **BACKGROUND**

The Court has previously detailed the facts of this action in the Order Granting Defendant's Motion for Summary Judgment filed on September 25, 2007. See Docket No. 46. To summarize, Leonard Nelson established the "Leonard Nelson Trust" (the Trust) on July 28, 1998, naming as trustee the defendant, First National Bank and Trust Company of Williston (First National Bank). Plaintiffs Jane Nelson and Bruce Nelson are the beneficiaries of the Trust and plaintiff U.S. Bank National Association (U.S. Bank) is the current trustee. At the time of Leonard Nelson's death on June 5, 2006, the Trust contained 597,164 shares of stock in a company called Medtronic, and most of the interest in two limited partnerships that owned more than 700,000 shares of Medtronic stock.

On October 6, 2006, Jane Nelson and Bruce Nelson notified First National Bank that U.S. Bank had been appointed the successor trustee to the Trust. On November 13, 2006, First National Bank transferred the trust assets to U.S. Bank, which sold all of the Medtronic stock on November 17, 2006. Jane Nelson, Bruce Nelson, and U.S. Bank subsequently brought a breach of fiduciary duty claim, alleging that First National Bank did not prudently manage the Trust after Leonard Nelson passed away. On September 25, 2007, the Court granted summary judgment in favor of First National Bank. See Docket No. 46.

First National Bank now moves for the recovery of attorney's fees under Rule 54(d)(2) of the Federal Rules of Civil Procedure. See Docket No. 52. First National Bank contends that it is entitled to attorney's fees under the terms of the Trust and under North Dakota law.

## II.     LEGAL DISCUSSION

Under the terms of the Leonard Nelson Trust, North Dakota law governs this matter. See Docket No. 20-3. It is well-established that North Dakota generally follows the "American Rule," "which assumes each party to a lawsuit bears its own attorney fees." Deacon's Development, LLP v. Lamb, 710 N.W.2d 379, 382 (N.D. 2006) (citing Anderson v. Selby, 700 N.W.2d 696, 702 (N.D. 2005)). It is well-established that a successful litigant is generally not entitled to the recovery of attorney's fees unless they are expressly authorized by statute or by agreement of the parties. Gratech Co. v. Wold Engineering, P.C., 729 N.W.2d 326, 332 (N.D. 2007). The awarding of attorney's fees to a trustee "'rests largely in the discretion of the trial court.'" Sturdevant v. Sturdevant, 315 N.W.2d 263, 269 (N.D. 1982) (quoting Raszler v. Raszler, 81 N.W.2d 120, 123 (N.D. 1957)); see 76 Am. Jur. 2d Trusts § 572. First National Bank contends that it is entitled to an

award of attorney's fees under paragraph 17(q) of the Trust and pursuant to Sections 59-04-21 and 28-26-01 of the North Dakota Century Code.  The Court will address each in turn.

### A.     THE LEONARD NELSON TRUST AGREEMENT

First National Bank contends that it is entitled to an award of attorney's fees pursuant to paragraph 17(q) of the Trust, which reads as follows:

> 17.     Trustee Powers.  In the administration of the trusts, the trustee, except as otherwise provided in this instrument, shall have the following powers and rights and all others granted by law:
> . . . .
>
> (q)     To pay all taxes and all reasonable expenses, including compensation to the trustee and the agents and counsel (including investment counsel and property managers) of the trustee . . . ."

First National Bank concedes that there is no specific paragraph in the Trust that explicitly allows for the recovery of attorney's fees when First National Bank defends its actions and authority in managing the Trust, or when it defends itself against claims by the beneficiaries.  See Docket No. 52.

It is clear that attorney's fees are appropriately payable from a trust's assets for services rendered on behalf of the administration of the trust.  Sturdevant, 315 N.W.2d at 269.  However, attorney's fees that are sought for services rendered on behalf of a trustee for matters of its own interest are not properly payable with trust assets.  Id.  Paragraph 17(q) arguably allows for the recovery of attorney's fees in the limited circumstances in which the trustee is administering the Trust.  In this case, however, First National Bank incurred attorney's fees defending its own actions against a claim that it did not prudently manage the Trust's assets after Leonard Nelson passed away.  Because First National Bank incurred attorney's fees for matters of its own interest and not on behalf

of the administration of the Trust, its attorney's fees are not properly payable with the Trust's assets. Therefore, the Court finds that paragraph 17(q) of the Trust agreement does not expressly authorize First National Bank to recover an award of attorney's fees.

### B. NORTH DAKOTA LAW

#### 1) SECTION 59-04-21

First National Bank contends that it is entitled to an award of attorney's fees pursuant to Section 59-04-21 of the North Dakota Century Code which reads as follows:

> The trustee must be allowed all necessary expenses in the care, management, and settlement of the trust estate. The trustee may pay attorney's fees and costs reasonably necessary in the performance of the trustee's duties.

As established above, attorney's fees are appropriately payable from a trust's assets for services rendered on behalf of the administration of the trust, but are not appropriately payable for matters of the trustee's own interest. Sturdevant, 315 N.W.2d at 269. In this case, the Plaintiffs alleged that First National Bank imprudently managed the Trust after Leonard Nelson passed away. Subsequently, First National Bank incurred attorney's fees defending itself against that claim. The Court finds that because First National Bank incurred attorney's fees defending itself and not in the "care, management, and settlement of the trust estate," an award of attorney's fees is not authorized by Section 59-04-21 of the North Dakota Century Code.

#### 2) SECTION 28-26-01

First National Bank also argues that it is entitled to an award of attorney's fees pursuant to Section 28-26-01(2) of the North Dakota Century Code which reads as follows:

> In civil actions the court shall, upon a finding that a claim for relief was frivolous, award reasonable actual and statutory costs, including reasonable attorney's fees to the prevailing party. Such costs must be awarded regardless of the good faith of the attorney or party making the claim for relief if there is such a complete absence of actual facts or law that a reasonable person could not have thought a court would render judgment in that person's favor, providing the prevailing party has in responsive pleading alleged the frivolous nature of the claim.

When attorney's fees are requested under Section 28-26-01(2), the Court "must first determine whether a claim is frivolous. If the court makes that determination, the court must then award reasonable attorney's fees to the prevailing party." Soentgen v. Quain & Ramstad Clinic, P.C., 467 N.W.2d 73, 84 (N.D. 1991). For the purposes of Section 28-26-01(2), a claim is frivolous when there is "'such a complete absence of actual facts or law that a reasonable person could not have expected that a court would render judgment in his favor.'" Deacon's Development, 719 N.W.2d at 382 (quoting Peterson v. Zerr, 477 N.W.2d 230, 236 (N.D. 1991)). "Authorizations of attorney's fees for frivolous claims are not meant to chill enthusiasm and creativity in pursuing factual or legal theories, and a court should not use the wisdom of hindsight to determine whether claims are frivolous." Soentgen, 467 N.W.2d at 84.

First National Bank contends that Jane Nelson, Bruce Nelson, and U.S. Bank pursued a frivolous claim. First National Bank points to the "two dollar difference in the price of the Medtronic stock from the time of Leonard Nelson's death, to the time that the stock was sold" and to "the language in the Leonard Nelson Trust, which exonerated the trustee from diversification and sale/liquidation of the Medtronic stock" in arguing that the Plaintiffs frivolously pursued this lawsuit and the breach of fiduciary duty claim. See Docket No. 52.

Although there was only a "two dollar difference in the price of the Medtronic stock," the Trust contained nearly 600,000 shares of Medtronic stock. This was not an inconsequential sum of

5

money that Bruce Nelson and Jane Nelson believed was lost as a result of how First National Bank had managed the Trust after the death of Leonard Nelson.  Further, the language in the Trust that "exonerated the trustee from diversification and sale/liquidation of the Medtronic stock" was reasonably subject to interpretation.  Neither reason for the Plaintiffs' commencement of a lawsuit against First National Bank was completely absent of actual facts or law that would prevent a reasonable person from expecting a court to render judgment in favor of the Plaintiffs.  In summary, there were legitimate, serious questions raised as to whether First National Bank had breached its fiduciary obligations.  The Court, in its discretion, finds that the Plaintiffs' claim of breach of fiduciary duty was not frivolous.  Therefore, First National Bank is not entitled to an award of attorney's fees under Section 28-26-01(2) of the North Dakota Century Code.

### III.   CONCLUSION

For the reasons set forth above, First National Bank's Motion for Attorney's Fees and Expenses (Docket No. 52) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 11th day of December, 2007.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court